IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
STEPHEN M. CARUSO, BAR NO. 6588

No. 80557

FILED

SEP 11 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Stephen M. Caruso be suspended for three years based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.7 (conflict of interest), RPC 1.15 (safekeeping property), and RPC 5.3 (responsibilities regarding nonlawyer assistants). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Caruso committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009).

20-33461

Having reviewed the record, we conclude that substantial evidence supports the panel's findings that the State Bar established by clear and convincing evidence that Caruso violated the above-referenced rules as follows. First, he allowed his office manager to assume lawyer responsibilities for personal injury matters. Second, he failed to supervise his office manager, who had access to his firm's bank accounts and was in charge of all accounting, including disbursing personal injury settlements. As a result, the office manager transferred client funds to the business account to cover expenses and payroll and embezzled funds for her personal use. This continued for about four years, during which time Caruso failed to take appropriate steps to supervise his trust or business accounts, and thus, failed to discover the office manager's misappropriation and embezzlement of roughly $1.2 million in client funds, which affected more than 80 clients and their lienholders. During this time, Caruso failed to act with diligence to ensure prompt disbursement of settlement funds and failed to maintain communication with clients, instead relying on the office manager, who provided clients with false information about the status of their settlements. Third, Caruso represented both parties in a divorce matter without a written conflict waiver and advised the wife to waive her interest in the husband's pension in exchange for child support without evaluating and discussing with her whether she was entitled to additional child support and spousal support as well as a portion of the pension.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental

state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Considering the duties violated, that Caruso acted knowingly, and that his conduct injured his clients, the legal system, and the public; and taking into account the mitigating factors (no prior discipline) and aggravating factors (substantial experience in the practice of law, pattern of misconduct, multiple offenses, refusal to acknowledge wrongful nature of conduct, vulnerability of victim, and indifference to making restitution), we conclude that the recommended three-year suspension is appropriate and sufficient to serve the purpose of attorney discipline. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession); *see* SCR 105(3)(b) (observing that on automatic review of public discipline, this court reviews de novo the hearing panel's conclusions of law and recommended discipline); Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility*, Standard 4.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client").

Accordingly, commencing from the date of this order, we hereby suspend attorney Stephen M. Caruso from the practice of law in Nevada for three years. During the period of suspension, Caruso must pay restitution in full to his clients and their lienholders, as identified in the State Bar's exhibit 37. Finally, Caruso must pay the costs of the disciplinary

proceeding, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.       _____, J.
Gibbons                      Hardesty

_____, J.       _____, J.
Parraguirre              Stiglich

_____, J.       _____, J.
Cadish                      Silver

cc:    Stephen M. Caruso
       Chair, Southern Nevada Disciplinary Board
       Bar Counsel, State of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court